Aaron Heim appeals following his conviction and sentence for domestic abuse assault, third offense, in violation of Iowa Code sections 708.1 and 708.2A(4) (2007). He contends the district court erred in admitting hearsay statements under the excited utterance exception. We affirm.
Background Facts and Proceedings. On August 8, 2008, Heim returned home drunk after a day of golfing with his first wife's brother, Crisman. At first Heim seemed to be in a good mood because Shaw, his live-in girlfriend and mother of his two children, had cleaned the house and was cooking brats for supper. Heim "blew a cork" and became angry when the brats burned. An argument ensued about money for concert tickets, and there was an altercation between Heim and Shaw. They ended up on the floor, and Shaw mistakenly bit Crisman as he tried to pull Heim off of Shaw.
Shortly after the incident, sometime between 6:00 and 6:30 p.m., Shaw called her mother, Freese. She told her mother that fifteen to twenty minutes earlier she had a fight with Heim and was scared. She said Heim had choked her. She said Heim was taking Crisman to the hospital. Freese and her husband went to the hospital to confront Heim. After that confrontation got physical, Freese called 911. Humboldt police officers arrived and arrested Heim for public intoxication. In the meantime, Shaw went to her parent's house. Freese arrived back at her home about 8:00 p.m. Shaw was visibly upset, her face was red, and she looked like she had been crying. Freese noticed red marks on Shaw's neck consistent with having been choked. Shaw told her mother again that she had been choked by Heim.
Humboldt County Deputy Sheriff Vinsand arrived at the Freese home at approximately 8:30 p.m. to investigate. He observed Shaw to be upset. Shaw's face was flushed, her eyes were puffy, and it looked like she had been crying. Deputy Vinsand asked what happened. As Shaw recounted the incident she cried off and on. Shaw pointed out the red marks on her neck telling the deputy that they were caused when Heim pulled her hair and grabbed her neck. Deputy Vinsand took photographs of the red marks on Shaw's neck and then asked Shaw to fill out a written statement. Before she was done with the statement, the deputy told her that he was required to arrest Heim for the domestic assault. Shaw became angry, crumpled up the statement, and ran out of the room crying. She accused the deputy of trying to trick her and asked that he erase the pictures he had taken.
By an amended and substituted trial information, Heim was charged with domestic abuse assault, a class D felony, in violation of code sections 708.2A(4) and 708.1. At a motion in limine hearing, Shaw testified under oath that she initially told the deputy that she had been choked by Heim. Thereafter, she recanted and claimed that the marks on her neck were caused when she received a hug from Crisman. Heim filed a second motion in limine challenging, on hearsay grounds, the admissibility of Deputy Vinsand's testimony that Shaw told him that she had been choked by Heim. The district court ruled preliminarily the statement made by Shaw to Deputy Vinsand about "being choked" would be received as an exception to Shaw's hearsay objection as an "excited utterance."
Over objection at trial, Deputy Vinsand testified Shaw said that Heim had assaulted her, grabbing her by the neck and by the hair. He also testified that Shaw lifted up her hair and pointed out the red marks on her neck and said Heim "had done this to her." Freese also testified at trial. She said that Shaw told her, both on the phone and at her home, that Heim choked had her. Freese testified Shaw told her that as she was being choked, Heim was on top of her. Shaw saw a hand, thought it was Heim's, and she bit it. At the time, Crisman was trying to pull Heim off of Shaw.
At trial, Shaw disavowed her statements that Heim had assaulted her. She admitted having a verbal argument with Heim, but claimed it did not become physical. She said she went into the living room and lay on the couch. She said she did not know it at the time, but Crisman came to comfort her. She said he came up from behind her, and when she felt pressure on her neck she bit his hand, breaking the skin. After she felt the pressure released from her neck, she realized she had bitten Crisman. She said Heim and Crisman went to the hospital and she called her mother. She wanted her parents to go to the hospital to see if Crisman was going to press charges. She said she told her mother she had been choked, but denied she said it had been Heim that had choked her. She testified at trial that it was Crisman, not Heim, who choked her. She admitted that she told Deputy Vinsand that Heim had assaulted her. She testified she lied to the deputy and offered an explanation for the lie. Crisman testified there was an argument, but there was no physical altercation between Heim and Shaw. He further testified that Shaw bit his hand when he went to give her a hug while she was on the couch. Crisman claimed he was the one who injured Shaw. Heim testified he and Shaw got into a verbal argument over money, but that he did not assault Shaw.
After the jury found Heim guilty of domestic abuse assault, Heim filed a motion for new trial asserting the district court erred in admitting into evidence the hearsay statements of Shaw to Deputy Vinsand. The motion was denied, and Heim was sentenced to an indeterminate term of five years, with a minimum of one year incarceration. Heim appeals contending the district court erred in finding Deputy Vinsand's testimony regarding Shaw's out-of-court statements to be admissible as excited utterances.
Scope of Review. We review Heim's hearsay claim for errors at law. State v. Newell, 710 N.W.2d 6, 18 (Iowa 2006). "Hearsay . . . must be excluded as evidence at trial unless admitted as an exception or exclusion under the hearsay rule or some other provision." Id.; see also
Iowa R. Evid. 5.802. The district court has no discretion to admit hearsay in the absence of a provision providing for admission.Newell, 710 N.W.2d at 18. "Inadmissible hearsay is considered to be prejudicial to the nonoffering party unless otherwise established." Id. We give deference to the district court's factual findings with respect to application of the hearsay rule, and will uphold these findings of fact if supported by substantial evidence. State v. Cagley,638 N.W.2d 678, 681 (Iowa 2001); State v. Long,628 N.W.2d 440, 447 (Iowa 2001).
Discussion. The issue before us is whether the trial court erred in admitting Shaw's statement to Deputy Vinsand. There is no dispute that the statement is hearsay. Iowa R. Evid. 5.801(c). "The State, as proponent of the hearsay evidence, has the burden of proving it falls within an exception to the hearsay rule." Cagley, 638 N.W.2d at 681. The State argues the statement was admissible as an excited utterance, and that even if the district court erred in admitting the statement, it was harmless error.
Heim argues Shaw's statement to Deputy Vinsand was not an excited utterance since the statement was reflective, not reactive, and made some three and one-half hours after the incident. The State asserts Shaw's statement was spontaneous, made while Shaw was still in an excited state, and that the stress of the traumatic event persisted over the three and a half hours that elapsed from the time of the assault. Excited utterances, "[a] statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition," is not excluded by the hearsay rule. Iowa R. Evid. 5.803(2). Application of the rule has been the subject of numerous appellate court opinions.See e.g., State v. Tejeda, 677 N.W.2d 744, 753-54
(2004); Cagley, 638 N.W.2d at 681; State v.Atwood, 602 N.W.2d 775, 782 (Iowa 1999); State v.Shortridge, 589 N.W.2d 76, 82 (Iowa Ct. App. 1998). An analysis of those opinions is not necessary here because we find no prejudicial error.
"Error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected. . . ." Iowa R. Evid. 5.103(a). The rule "requires a harmless error analysis where a nonconstitutional error is claimed." Newell, 710 N.W.2d at 19. Under this analysis we ask: "`Does it sufficiently appear that the rights of the complaining party have been injuriously affected by the error or that he has suffered a miscarriage of justice?'"Id. (citation omitted). We presume prejudice unless the record affirmatively establishes otherwise. Id.
Notwithstanding the presumption of prejudice, "erroneously admitted hearsay will not be considered prejudicial if substantially the same evidence is properly in the record."Id. Substantially the same evidence is properly in the record through the testimony of Shaw's mother. Freese testified Shaw said she was choked by Heim. Further, Freese testified Shaw said Heim was on top of her as she was being choked. Freese's testimony is consistent with the statement Shaw made to Deputy Vinsand. With substantially the same evidence in the record, we find no prejudicial error in the admission of Shaw's statement to Deputy Vinsand. Accordingly, we affirm Heim's conviction and sentence.
Conclusion. We find no reversible error. Therefore, we affirm Heim's conviction and sentence.
AFFIRMED.
Zimmer, S.J., concurs; Mansfield, J., concurs specially.